### Application of WYLLY'S SPORTSMAN, Inc.

Railroad & Public Utilities Commission.

February 28, 1955.

John B. Orr, Jr., Morehead, Forrest, Gotthardt & Orr, Miami, for applicant.

William P. Simmons, Jr., Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for Coast Cities Coaches, Inc., protestant.

R. J. Walters, for Florida Transportation Co., Sig Thomsen, for Tropical Motor Tours, Inc., Red Adams, for Red Adams Bus Lines, C. W. Cummings, for Davis Tours, as their respective interests appeared.

Chairman WILBUR C. KING, commissioners JERRY W. CARTER and RICHARD A. MACK each participated in the disposition of this case.

BY THE COMMISSION.

On November 5, 1954 the commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on this application at 2605 W. Flagler St., Miami.

Following said hearing the examiner submitted to the commission a proposed order, copies of which were transmitted by the commission to all parties of record, together with a notice that exceptions thereto could be filed with the commission within 15 days from the date thereof. Within such period protestant Coach Cities Coaches, Inc. filed exceptions to the proposed order. After consideration of the exceptions, the proposed order of the examiner, and the evidence adduced at the hearing, the commission adopts the examiner's proposed order as the order of the commission.

This is an application for extension of certificate of public convenience and necessity #L-50 so as to authorize the establishment and operation of a terminal at 17250 Collins Avenue, in the Greater Miami Beach motel area in connection with applicant's sightseeing operations and operations to and from race tracks and jai alai frontons; and so as to authorize certain changes in its routes which would result from the establishment and operation of said terminal; and so as to authorize the substitution of smaller buses for the regular sightseeing buses at Collins Avenue and 71st Street for the remainder of the route, on return trips only, on occasions when only a few passengers are destined to points beyond 71st Street.

Applicant is presently authorized to transport passengers from the city of Miami Beach and from points along Collins Avenue as far north as 71st Street, to all dog and horse race tracks in Dade and Broward counties and the jai alai frontons in Dade County and Dania, Florida, and return, over the most direct available routes. On July 22, 1953 the commission granted the applicant, under the terms of order #2294, an extension to its sightseeing operations from 71st Street and Collins Avenue, a point on its already existing routes, north on Collins Avenue to the southernmost boundary of Golden Beach and return over the same route.

The proposed new additional terminal location at 17250 Collins Avenue lies between 71st Street and the southern boundary of Golden Beach. Applicant's sightseeing buses and its buses to certain of the race tracks and the jai alai frontons thus pass the proposed new terminal location. Applicant here seeks, among other things, an extension with respect to all of its other routes from the proposed new terminal location south along Collins Avenue to the point where each respective route would intersect with its presently authorized route, and return north or south, and seeks authority to use the proposed new terminal as the point of origin and/or as a pickup station on each of its routes with respect to sightseeing, race tracks and jai alai frontons.

Tropical Motor Tours, Inc., the only other operator of sightseeing, race track and jai alai buses serving the North Dade motel area here involved, has recently been granted an application for the establishment of a terminal in the same general area but a considerable distance from the proposed new terminal of applicant.

An affiliate of the applicant, Wylly's Tours, Inc., has a travel agency office at the address of the proposed new additional terminal and both applicant and Tropical Motor Tours, Inc. were serving the area here involved until notified by the commission to stop and desist. Both carriers thereafter filed applications. Just prior to the opening of the racing season, the commission on November 24, 1954 granted both carriers temporary authority to render the service each had applied for pending final disposition of their respective applications.

The North Dade motel area which is here involved, contains approximately 100 hotels and motels with several thousand rooms accommodating nearly 500,000 guests per year and has mushroomed within the last few years. Several motel service representatives testified as to the need for the service and as to the objections of their patrons to going down to 71st Street and Collins Avenue to obtain such service. It appears that there is sufficient public

convenience and necessity to authorize the establishment of the terminal here proposed.

The other phase of the instant application, as amended, would permit the substitution of smaller buses for regular sightseeing buses at Collins Avenue and 71st Street on return trips only for the remainder of the trip up Collins Avenue when the number of passengers to be discharged in the North Dade motel area are so few as to make such substitution practicable and economical to the applicant as a matter of operating convenience. Protestant Coast Cities Coaches, Inc. excepts only to this phase of the application on the ground that it is a contravention of the commission's rule #8 which prohibits transfers or interchanges. Neither transfers nor interchanges, however, are involved in a mere substitution of buses. The service offered by applicant is not a local service nor does it compete with Coast Cities Coaches, Inc. or the taxicabs. This order authorizes no violation of commission rule #8 and any actual violation thereof should be made the subject of a complaint to be filed with the commission independent of this docket.

It is ordered and adjudged that the amended application of Wylly's Sportsman, Inc. is granted and that certificate of public convenience and necessity #L-50 is hereby extended so as to authorize the establishment and operation of said terminal, and changes in its routes resulting therefrom, as set forth hereinabove and in exhibit C attached to the application, which is hereby made a part hereof.

It is further ordered that the applicant is authorized to substitute smaller buses for regular sightseeing buses at Collins Avenue and 71st Street on return trips only for the remainder of the trip up Collins Avenue when the number of passengers to be discharged in the North Dade motel area are so few as to make such substitution practicable and economical to the applicant as a matter of operating convenience.